UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NATHANIEL LEE BUTLER-LUDWIG | Case No. 23 CR 537<br><br>Hon. John F. Kness |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR CONTINUED RELEASE PENDING SENTENCING**

For the reasons set forth below, the government respectfully requests that defendant Nathaniel Lee Butler-Ludwig's motion for continued release pending sentencing be denied. Should defendant plead guilty, as expected, at his change of plea hearing on September 24, 2024, then pursuant to Title 18, United States Code, Section 3143(a)(2), defendant should be immediately detained pending sentencing.

**BACKGROUND**

On November 8, 2023, defendant was charged by indictment with knowingly and intentionally possessing with intent to distribute a controlled substance, namely, a quantity of a mixture and substance containing a detectable amount of Methlenedioxymethamphetamine, in violation of 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 2 (Count Two). R. 16. A change of plea hearing is currently scheduled for September 24, 2024, at 8:45 a.m. R. 39.

On September 10, 2024, defendant filed his motion for continued release pending sentencing, requesting that the Court "reconsider its position concerning the statutory interpretation of 18 U.S.C. §§ 3143, and 3145(c)" articulated in *United*

1

States v. Sosa, No. 21 CR 672, 2023 WL 2139118 (N.D. Ill. Feb. 21, 2023), and arguing under 18 U.S.C. § 3145(c) that there are exceptional reasons for why detention is not appropriate in this case. R. 44 at 2, 7-9.

Defendant's motion should be denied because defendant is not eligible for release under Section 3143(a)(2) and has not "clearly shown" that "exceptional reasons" exist under Section 3145(c). His detention pending sentencing is thus mandatory under the Bail Reform Act.

## ARGUMENT

### I. Legal Standard

Under the Bail Reform Act, prior to conviction, the government bears the burden of proving that no conditions "will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Salerno*, 481 U.S. 739, 742 (1987); *see* 18 U.S.C. § 3142(e)-(f); *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985). Following conviction, however, pursuant to 18 U.S.C. § 3143(a)(2), detention is mandatory for a person who has been found guilty of certain crimes—including a drug offense for which the maximum term of imprisonment is ten years or more—unless either: (1) the court finds a substantial likelihood that a motion for acquittal or new trial will be granted, or government counsel recommends no sentence of imprisonment; and (2) the court finds by clear and convincing evidence that defendant is not likely to flee or pose a danger to others or the community. *See* 18 U.S.C. § 1343(a)(2)(A) ("judicial offer *shall* order [defendant] be detained [subject to narrow exceptions discussed above]").

Under 18 U.S.C. § 3145(c), a defendant subject to the mandatory detention provision of Section 3143(a)(2) "may be ordered released, under appropriate conditions, . . . if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."[1] 18 U.S.C. § 3145(c); *cf. United States v. Herrera-Soto*, 961 F.2d 645, 647 (7th Cir. 1992) (addressing defendant's motion for release pending appeal); *see also United States v. Young*, No. 2:18-CR-21-2-TLS-APR, 2020 WL 2092837 at *2, n.1 (N.D. Ind. Apr. 30, 2020) (addressing defendant's motion for release pending sentencing); *United States v. Kaquatosh*, 252 F. Supp.2d 775 (E.D. Wis. 2003) (addressing defendant's motion for release pending sentencing).

## II. Section 3143(a)(2) Requires that Defendant Be Detained Post-Plea

As noted above, defendant is expected to enter a plea of guilty on September 24, 2024. There will thus be "no occasion for him to seek an acquittal or a new trial." *Sosa*, 2023 WL 2139118, at *6. Moreover, the government intends to recommend at sentencing that defendant serve a term of imprisonment for his crime of conviction.

---

[1] The government is aware of, and has reviewed, this Court's opinion in *United States v. Sosa*, which concluded—based on the "title language found in Section 3145" and statutory interpretation of Section 3145(c) in conjunction with Section 3143(a)(2)—that Section 3145(c) "is not an available remedy for a defendant who seeks release from a mandatory detention order while awaiting sentencing," 2023 WL 2139118 at *4. The government's position is that under the text of Section 3145(c), as well as the Seventh Circuit's reasoning in *United States v. Herrera-Soto*, 961 F.2d 645 (7th Cir. 1992), Section 3145(c) provides an avenue for discretionary release pending sentencing, but regardless, defendant here has not clearly shown "exceptional reasons" allowing such discretionary release, as is discussed in more detail below. *See United States v. Romanello*, No. 23-8049, 2024 WL 676860, (2nd Cir. Feb. 20, 2024) (citation omitted) (explaining that "[t]he test under § 3145 is necessarily a flexible one, and district courts have wide latitude to determine whether a particular set of circumstances qualifies as 'exceptional'" and concluding that the district court did not err in finding that defendant's advanced age and "the lapse of time between the offense conduct and the jury verdict did not constitute 'exceptional reasons' to grant bail pending sentencing despite [defendant's] conviction for a crime of violence.")

3

Accordingly, defendant will not be able to satisfy either of the prerequisites prescribed by Section 3142(a)(2)(A). Thus, detention is required under Section 3142(a)(2) even without considering whether defendant can provide clear and convincing evidence that he is "not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2)(B); *Sosa*, 2023 WL 2139118, at *6.

### III. Defendant Has Failed to Establish Exceptional Reasons for Why Detention Would Not Be Appropriate Under Section 3145(c)

Even if defendant were able to demonstrate by clear and convincing evidence that he does not pose a risk of flight or danger to the community, he has failed to clearly show "that there are exceptional reasons why" his detention would not be appropriate. 18 U.S.C. § 3145(c). While, in the government's view, this Court has discretion to determine whether to allow defendant to remain on bond post-conviction, *see, e.g.*, 18 U.S.C. § 3145(c) (using permissive "may" rather than mandatory "shall"), the Seventh Circuit has cautioned that "exceptional reasons" means a "unique combination of circumstances giving rise to situations that are *out of the ordinary*." *Herrera-Soto*, 961 F.2d at 647 (emphasis added and citation omitted). Other Circuit Courts of Appeal have likewise underscored that "exceptional reasons" should be "rare," and thus affirmed detention of defendants whose arguments were at least as, if not more, compelling than defendant's here. *See, e.g.*, *Lloyd v. United States*, 857 F. App'x 702, 703 (2d Cir. 2021) (affirming district court's conclusion that defendant's "unblemished fourteen-month record on pretrial release" and difficulties from the COVID-19 pandemic did not constitute "exceptional circumstances" overcoming the presumption in favor of detention); *United States v. Krantz*, 530 F.

4

App'x 609, 610 (8th Cir. 2013) (explaining that "exceptional reasons" must be "clearly out of the ordinary, uncommon or rare," and affirming district court's determination that defendant who served "multiple tours of [military] duty in areas of extreme danger and peril" did not show an exceptional reason not to be detained pending sentencing).

Defendant argues that his mental health diagnosis and continuity of access to his mental health treatment provider are exceptional reasons that make detention pending sentencing inappropriate. R. 44 at 7-9. However, none of the reasons provided rise to an exceptional reason that warrants release pending sentencing. *See e.g.*, *United States v. Brown*, 368 F.3d 992, 993 (8th Cir. 2004) (concluding that allowing defendant to "remain in a treatment program for depression pending his assignment to a federal correctional institution" was not an exceptional reason); *United States v. Kerr*, No. 3:10-cr-296-L, 2020 WL 1158521, at *6 (N.D. Tex. Mar. 10, 2020) (explaining that defendant's participation in long-term counseling and sex offender treatment, "does not, standing alone or in combination with his other proffered reasons, qualify as such clearly out of the ordinary, uncommon, or rare circumstances as to justify continued release under Section 3145(c)."); *United States v. Thomason*, 449 F. Supp. 3d 877, 882 (D. Minn. 2019) (finding that defendant failed to meet the "exceptional reasons" standard where there was "nothing in the record to suggest that" his "anxiety, panic attacks, migraines, hives, and seasonal affective disorder" were "unusual or unusually serious conditions, or that they require[d] treatment that the Bureau of Prisons [was] unable to provide"); *United States v.*

*Baldwin Lau*, No. CR15-4060-LTS, 2016 WL 6089730, at *2-4 (N.D. Iowa Oct. 17, 2016) (finding that "[i]n many sex crime/child pornography cases there is substantial evidence that the defendant suffer[ed] from mental health issues[,]" and therefore, to consider "either mental health issues or vulnerability in jail as 'exceptional circumstances' would render the standard meaningless"); *Jones v. United States*, Nos. 5:08-CR-290-FL-1, 5:11-CV-370-FL, 2011 WL 6780786 at *4 (E.D. N.C. Dec. 27, 2011) (stating "[n]one of the purportedly 'exceptional' circumstances identified by petitioner—the supposed non-violent character of his particular crime of violence, his cooperation with authorities, his procurement of psychiatric counseling, or his desire to continue his efforts to provide care for his children—constitute circumstances which the court would deem exceptional"); *United States v. Perez*, No. Crim. 3:97CR48(AHN), 1998 WL 386484, at *1 (D. Conn. June 10, 1998) (concluding that defendant's "learning disability, his mental condition and his need for treatment, the potential custody issues involving his children, and his employment record" were not "exceptional, unique," or "out of the ordinary"); *United States v. Dempsey*, Crim. No. 91-098, 1991 WL 255382, at *2 (E.D. La. Nov. 19, 1991) (finding that defendant's circumstances, which included, among other things, a history of mental and emotional problems, current psychological counseling, kidney and stomach problems, and personal issues related to his business and his family, did not "clearly create exceptional reasons why [defendant's] detention would not be appropriate pending his sentencing"); *cf. United States v. Philips*, 682 F. Supp. 3d 977, 979-80 (E.D. Wash. 2023) (finding that defendant met "exceptional reasons" standard where he had no

6

criminal history, cooperated with law enforcement after being charged, had been successful on pretrial release, was steadily employed prior to conviction, had no substance abuse, *and* had "reportedly been receiving mental health treatment since 2021"); *Kaquatosh*, 252 F. Supp. at 779-80 (concluding defendant meet the exceptional reasons standard because: (1) he had done exceptionally well on pre-trial release; (2) he obtained employment and performed excellently in his job; (3) he desired to obtain a psychological evaluation and treatment prior to imprisonment; *and* (4) his stable employment had allowed him to regularly send money to his family.)

Additionally, defendant asserts that being housed as a pretrial detainee at the Metropolitan Correctional Center (MCC) for roughly three months prior to sentencing—after which the Bureau of Prisons may ultimately place defendant at a minimum-security facility—is also an exceptional reason that warrants release pending his sentence. R. 44, at 8-9. Specifically, defendant argues that because he may receive a shorter term of incarceration, "spending months detained in an administrative facility," such as the MCC, "is an exceptional circumstance." *Id*. at 9. However, this argument falls within the ordinary and common circumstances that recently convicted defendants face and is not an "exceptional reason" that would justify release pending sentencing. *See e.g. United States v. Garcia*, 340 F.3d 1013, 1022 (9th Cir. 2003) (explaining that "[h]ardships that commonly result from imprisonment do not meet the [exceptional reasons] standard. The general rule must remain that conviction for a covered offense entails immediate incarceration").

## CONCLUSION

For the reasons stated above, the government respectfully requests that the Court deny defendant's motion for continued release pending sentencing and that, pursuant to Title 18, United States Code, Section 3143(a)(2), defendant be detained immediately after the Court accepts, defendant's plea of guilty to Count Two of the indictment.

                                        Respectfully submitted,

                                        */s/ Anne L. Yonover*
                                        ANNE L. YONOVER
                                        Assistant U.S. Attorney
                                        219 South Dearborn Street, Rm. 500
                                        Chicago, Illinois 60604
Dated: September 17, 2024               (312) 886-2038